# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 03-12256-DHW
                                                    Chapter 7
JAMES ROBERT ARRINGTON, JR.,

      Debtor.

_____

JAMES ROBERT ARRINGTON, JR.,

      Plaintiff,

v.                                                  Adv. Proc. No. 04-1305-DHW

TERESA LYNN ARRINGTON,

      Defendant.

## MEMORANDUM OPINION

Before the court is the defendant's motion to dismiss this adversary proceeding. The motion was set for hearing on January 19, 2005. At the hearing the plaintiff was represented Collier H. Espy, Jr., and the defendant was represented by Robert H. Brogden.

### Factual Background and Procedural History

James Robert Arrington, Jr. (hereinafter "James Robert") is the debtor in the underlying chapter 7 case. He filed a petition for bankruptcy relief under chapter 13 on September 26, 2003, but thereafter, converted the case on July 15, 2004, to one under chapter 7. William C. Carn, III was appointed trustee in the chapter 7 case.

On August 27, 2004, the trustee filed a final report and accounting (Doc. 56) in James Robert's chapter 7 case. Said report denoted that the Arrington estate had no assets available for administration and that there would be no

distribution to creditors.

Teresa Lynn Arrington (hereinafter "Teresa Lynn") is the former spouse of James Robert. On October 13, 2004, Teresa Lynn filed a complaint in the Circuit Court of Dale County, Alabama seeking to hold James Robert in contempt of court for his failure to pay obligations arising from the parties' divorce decree.

On October 19, 2004, Teresa Lynn filed a complaint in this court (Adv. Pro. No. 04-1290) contesting the dischargeablity of her claims against James Robert. There, Teresa Lynn contends that her claims should be excepted from discharge under 11 U.S.C. § 523(a)(5) and under 11 U.S.C. § 523(a)(15).[1] Trial of that complaint is scheduled for April 27, 2005.

On November 18, 2004, James Robert filed the instant complaint against Teresa Lynn seeking to hold her in contempt of court for violation of the 11 U.S.C. § 362 automatic stay. There, James Robert contends that Teresa Lynn violated the automatic stay by filing the October 13, 2004 complaint in the state circuit court. On December 7, 2004, Teresa Lynn moved to dismiss the complaint. For the following reasons the court agrees that the complaint should be dismissed.

## Conclusions of Law

The filing of a petition for relief under title 11 operates as an automatic stay of almost every action aimed at recovery of a debt. 11 U.S.C. § 362(a).

The automatic stay of § 362(a), however, is subject to a number of exceptions found in subsection (b). For example the stay does not prevent the commencement of an action to establish or modify an order for alimony, maintenance, or support. Nor does the automatic stay prevent the commencement of an action to collect alimony, maintenance, or support

---

[1] Section 523(a)(5) excepts from discharge, *inter alia,* claims of a former spouse that are in the nature of alimony, maintenance or support of such spouse or child. Section 523(a)(15) excepts from discharge all other debts incurred by the debtor in the course of a divorce; however, there are exceptions to this exception.

2

provided the collection is from non-estate property. 11 U.S.C. § 362(b)(2).

The state court action filed by Teresa Lynn is two-pronged. First, the action seeks to establish, that is liquidate the amount of, and modify an order for alimony, maintenance, or support. Such actions, by the clear language of the statute, do not violate the automatic stay. *See* 11 U.S.C. § 362(b)(2)(A)(ii).

The second prong of the state court action is an effort to collect existing alimony, maintenance, and support. Such action does not violate the automatic stay as long as the collection is from non-estate property. *See* 11 U.S.C. § 362(b)(2)(B).

When Teresa Lynn filed the state court action there was no estate property. The trustee had by that time filed his final report and accounting effectively abandoning the estate's interest in James Robert's property.[2] Property abandoned under 11 U.S.C. § 554 reverts from the estate to the debtor. *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609 (7th Cir. 2002), *cert. denied,* 537 U.S. 1160, 123 S. Ct. 968, 154 L. Ed. 2d 893 (2003); *Hickman v. First State Bank (In re Motley)*, 10 B.R. 141 (Bankr. M.D. Ga. 1981). It follows that because there was no estate property, Teresa Lynn's state court action to collect alimony, maintenance, and support obligations were not subject to the automatic stay because any collection would necessarily have been from non-estate property.

## Conclusion

For these reasons the court concludes that the defendant's motion to dismiss this adversary proceeding is due to be granted.

Nevertheless, the court is troubled by the fact that separate actions brought by Teresa Lynn in state court and bankruptcy court effectively seek the same relief. In particular, the complaints seek determinations by both courts as

---

[2] The court appreciates that the trustee has not complied with the express requirements of 11 U.S.C. § 554 and Fed. R. Bankr. Proc. 6007 to abandon estate property. Nevertheless, he has filed a final report indicating that none of the estate's property will be administered. Such an expression of intent precludes an action for wilful violation of the automatic stay when a creditor seeks recovery of its claim from estate property in reliance thereon.

3

to what amount, if any, of her claim is actually in the nature of alimony, maintenance, and support. The danger in this situation is the inherent possibility that this court and the state court will reach contradictory results.

State courts have concurrent jurisdiction with bankruptcy courts to determine whether an obligation is in the nature of support for purposes of 11 U.S.C. § 523(a)(5). *Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir. 2001). Further, "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" *Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir. 1992) (citations omitted), *cert. denied,* 506 U.S. 986, 113 S. Ct. 496, 121 L. Ed. 2d 434 (1992). Therefore, this court will, pursuant to 28 U.S.C. § 1334(c), abstain from hearing Teresa Lynn's § 523(a)(5) claim in adversary proceeding 04-1290.

Unlike concurrent jurisdiction that exists with a § 523(a)(5) claim, the bankruptcy court has exclusive jurisdiction with respect to Teresa Lynn's claim brought under § 523(a)(15). *Renfrow v. Draper*, 232 F.3d 688, 693 (9th Cir. 2000); *Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir. 1981) (based on former version of § 523(c); *Hester v. Daniel (In re Daniel)*, 290 B.R. 914, 922 (Bankr. M.D. Ga. 2003); *Schorr v. Schorr (In re Schorr)*, 299 B.R. 97, 106 (Bankr. W.D. Pa. 2003). This court will hear that portion of her complaint after the state court has decided the § 523(a)(5) claim.

In accordance with Fed. R. Bankr. Proc. 9021 an order consistent with this memorandum opinion will enter separately.

Done this the 8th day of February, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Collier H. Espy, Jr., Attorney for Plaintiff
Robert H. Brogden, Attorney for Defendant

4